

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50368 | DATE | 3/12/2004 |
| CASE TITLE | Elizzar vs. Meyers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants Meyers' motion to dismiss and dismisses the complaint in its entirety without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3-15-04 date mailed notice | |
| LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

## MEMORANDUM OPINION AND ORDER

Plaintiff, Angelo Elizzar, who is now represented by appointed counsel, filed a pro se complaint alleging a denial of adequate medical care while he was housed in the Winnebago County Jail. The complaint's caption names as defendants "Richard Meyers, Nurse Practitioner, [and] Medical Doctor." The body of the complaint adds nothing by way of further identifying the unnamed defendants. Meyers, who is the Sheriff of Winnebago County, has moved to dismiss the complaint against him pursuant to Fed. R. Civ. P. 12(b)(6), contending it does not contain sufficient allegations to state a claim against him in either his individual or official capacities and that he has qualified immunity for any claims of deficient medical care. Plaintiff has filed a response brief via his appointed counsel.

Because the complaint is pro se, the court must liberally construe it. McCormick v. City of Chicago, 230 F. 3d 319, 325 (7th Cir. 2000). A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted and not whether the plaintiff will ultimately prevail on the merits. James v. City of Chicago, 2003 WL 21673953, *1 (N.D. Ill. July 16, 2003). In ruling on such a motion, the court must construe all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff. James, at *1. A motion to dismiss will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. James, at *1.

Here, plaintiff has not identified Meyers as the sheriff let alone alleged whether he is suing him in either his individual or official capacities. That alone makes the complaint deficient as to Meyers. Moreover, if he is seeking to sue him individually, he must allege that Meyers either participated in, directed, or knew of and consented to, the alleged wrongdoing. See James, ay *4. This he has not done.

If, on the other hand, plaintiff intends to sue Meyers in his official capacity, he must allege his claimed constitutional violation occurred pursuant to an official policy, custom, or practice. See James, at *4. Again, he has failed to do so.

Because plaintiff has failed to allege a proper (or any) basis for holding Meyers liable either individually or officially, the court grants Meyers' motion to dismiss on that basis. The court further dismisses the entire complaint for failing to specifically name or identify any other defendants. The dismissal of the complaint is without prejudice to plaintiff, who is represented by counsel, filing an amended complaint within 30 days of the date of this order naming the particular defendants, including Meyers, who he alleges violated his constitutional rights. See Donald v. Cook County Sheriff's Dept., 95 F. 3d 548, 555-56 (7th Cir. 1996).